UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
AMERICAN FAMILY LIFE
INSURANCE COMPANY,
and AMERICAN STANDARD
INSURANCE COMPANY,
Wisconsin corporations,

        Plaintiffs,

v.                       **ORDER**
                         Civil File No. 12-53 (MJD/SER)

STEVEN G. GRAHAM,
a Minnesota resident, and
STEVEN GRAHAM AGENCY, INC.,
a Minnesota corporation,

        Defendants and Counterclaimants.

Martin S. Chester, Justin P. Krypel, and Colton D. Long, Faegre Baker Daniels LLP, Counsel for Plaintiffs.

Geoffrey P. Jarpe, Maslon Edelman Borman & Brand LLP, Counsel for Defendants and Counterclaimants.

On October 17, 2013, the Court held a hearing on the limited issue of whether section 6(u) of the Agent Agreement between Plaintiffs and Defendants is an enforceable liquidated damages provision under Wisconsin law.

Under Wisconsin law, a liquidated damages measure must be upheld if it is reasonable. <u>Wassenaar v. Panos</u>, 331 N.W.2d 357, 361 (Wis. 1983). There are three factors that must be considered in deciding reasonableness of a liquidated damages provision: (1) whether the parties intended to provide for damages, not a penalty; (2) whether the injury was not capable of accurate estimation at the time of contract; and (3) whether the damages calculated are a reasonable forecast of the harm caused by the breach. <u>Id.</u> at 362-63. <u>Wassenaar</u> provides that the "various factors and approaches to determine reasonableness are not separate tests, each of which must be satisfied for a stipulated damages clause to stand." <u>Id.</u> at 364. Therefore, the reasonableness of a liquidated damages provision "cannot be determined by a mechanical application of the three factors cited above." <u>Id.</u> Finally, the party contesting a liquidated damages provision bears the burden of proving that it should not be enforced. <u>Id.</u> at 361, 367.

Weighing the factors accordingly, the Court concludes that section 6(u) of the Agent Agreement is reasonable and therefore enforceable. First, the Court

finds that Mr. Caves' testimony from trial regarding the purpose of extended earnings is credible. Mr. Caves stated that, because American Family agents are not independent agents, providing them extended earnings when they leave the company is a way of buying back their book of business, with the understanding that agents do not induce their former clientele for a year. The Court concludes that section 6(u)'s requirement that extended earnings be forfeited if agents induce their former clients is logically connected to the purpose of extended earnings so that the provision provides for damages, not a penalty. The Court also concludes that use of the word "forfeit" in the provision does not necessarily indicate intent to create a penalty. See Jarosch v. American Family Mutual Insurance Co., 837 F. Supp. 2d 980, 999 (E.D. Wis. 2011).

Second, the Court finds that Mr. Kenyon's report and testimony on American Family's potential actual damages is credible, and he has presented a reasonable estimation of the damages range. His testimony shows that actual damages were and are difficult to ascertain, especially due to the nature of the alleged breach in this case and the number of uncertain factors both at the time of contract and the time of the alleged breach. Plaintiffs' expert, Mr. Kenyon, has nevertheless provided a reasonable estimation of an actual damages range that is

proportionate to the damages projected in section 6(u) of the Agent Agreement. Despite the arguments and evidence presented by Defendants at the hearing, the Court finds that Defendants have not met their burden in showing that section 6(u) is not a reasonable liquidated damages provision under the Wassenaar factors. The totality of the evidence supports the Court's conclusion that is very difficult to calculate and forecast a damages amount in this case.

Accordingly, the Court concludes that section 6(u) of the Agent Agreement is a reasonable, and therefore enforceable, liquidated damages provision. Therefore, if the jury finds that Defendants have breached the Agent Agreement, section 6(u) of the Agent Agreement will apply, and the jury must award $523,153.70 in damages to Plaintiffs (i.e., the stipulated amount of extended earnings paid by Plaintiffs to Defendants as of September 30, 2013). (See Stipulation, Docket No. 119, ¶ 5.)

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court holds that section 6(u) of the Agent Agreement is a reasonable liquidated damages provision.

2. The Court holds that section 6(u) of the Agent Agreement is enforceable.

3. The Court holds that, if the jury finds that Defendants have breached the Agent Agreement, section 6(u) of the Agent Agreement will apply, and the jury must award $523,153.70 in damages to Plaintiffs.

Dated: October 17, 2013

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court

Civil File No. 12-53 (MJD/SER)